UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSSIE GILES,
    Plaintiff,

v.

RON DAVIS, et al.,
    Defendants.

Case No. 18-cv-04724-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Ossie Giles, a state prisoner incarcerated at San Quentin State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison employees. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order. For the reasons stated below, the Court DISMISSES this action without prejudice.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Compliance with the exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Although non-exhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to non-exhaustion is a valid ground for dismissal. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (prisoner's concession to non-exhaustion is valid ground for dismissal, as long as no exception to exhaustion applies), *overruled on other grounds in Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *See id.* The Ninth Circuit has interpreted Section 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies

*before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

It is obvious from the face of Plaintiff's complaint that he did not exhaust his administrative remedies *before* filing the instant suit. He states that as of July 29, 2018, the date he signed the complaint, he submitted his 602 inmate appeal to the third level of review and he did not receive a response, stating as follows: "As of 7-22-2018, there's no explanation for delay." Dkt. 1 at 2. However, this reason is insufficient to excuse administrative exhaustion. Furthermore, on August 29, 2018, Plaintiff informed the Court that, on August 18, 2018, he "received [the] third level response." Dkt. 3 at 1. Because Plaintiff did not exhaust his claims *prior to* filing this action, this action is DISMISSED without prejudice to re-filing these claims in a new case. *See McKinney*, 311 F.3d at 1199-1201.

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: November 19, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge